Turney, J.,
delivered the opinion of the Court.
In an action of trespass by the defendant in error against the plaintiff in error, during the impanneling of a jury, the counsel of plaintiff in error asked “for leave to poll each juror, to see whether they had formed and expressed an opinion touching the merits of the case.” The motion was overruled by the Court. The refusal *300 of the Circuit Judge to permit the counsel of the plaintiff in error to test the competency and qualifications of jurors by questions as to their having formed and expressed opinions upon the merits of the case, and as to the basis of such opinions, if formed or expressed, was error.
Either party has the right to examine a juror touching such opinions. His adversary has the right, if the fact is not fully shown by the examination in chief, to show that the offered juror has no opinion which, in law, and under the rules of practice, disqualifies him. We, like the counsel of both parties, have been unable to find any adjudication upon the question; therefore, we adopt the custom of the courts and profession, which we understand to be of almost daily use, and declare the law to be, that such questions as to the opinions of the merits of a cause, the- answers to which will qualify or disqualify a juror, are competent and strictly, proper. It is insisted in argument that the sections of the Code, 4002 to 4008, (both inclusive,) do not allow the rule we have indicated, and that a jury can only be challenged for the causes specifically set out in said sections. We can not think this construction of the statutes a correct one. By section 4007, it is provided: “ The Court may discharge a grand or petit juror from service, who does not possesses the requisite qualifications, or who is exempt or disqualified from such service, or for any other reasonable or proper cause, to be judged of by the Court.”
The terms, reasonable or proper cause, mean such causes as will probably prevent, to the party challeng *301 ing, a fair and impartial trial; prevent the juror from looking alone to the evidence for his verdict. It is the spirit and meaning of the law, that every man shall have a fair and unbiased investigation of his rights or claims of right, that jurors shall be removed from such extraneous causes as may-influence them against evidence to arrive at a verdict. The common law secures these qualifications. Jurors may, he challenged prop-ter affectum, for suspicion of bias or partiality; this may be either a principal challenge or to the favor. * * * Challenges to the favor are, when the party hath no principal challenge, but objects only some probable circumstance of suspicion, as acquaintance and the like. 3 Bl. Com., 363, m. Of course, the circumstances of suspicion, partiality, bias, &c., must be such as the law will hold to influence the mind or hqnesty of the juror, and not such as will readily yield to proof legitimately obtained.
"Whether the bias is of the one character or the other, is the more satisfactorily and reliably ascertained by an appeal to the conscience of the juror upon oath. If the rule we have declared were to be rejected, fraud and prejudice would soon destroy the reason for the institution of trial by jury.
The meaning of the statute, that the Court is to judge "of any other reasonable or proper cause,” is, that the Court shall exercise a sound, legal discretion under the rules here laid down.
Judgment reversed, and cause remanded.